11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In
the Interest of J.V.M., a child

No.
11-04-00066-CV -- Appeal from Taylor County

 

Ernesto
Cerda appeals the trial court=s
order which terminated his parent-child relationship with J.V.M., a child.  We affirm.

Susan
Molina Sanchez and her husband, Richard Sanchez, filed a petition to terminate
the parental rights of the mother and father of J.V.M.  Susan=s
sister is the mother of the child, and appellant is the father.   Appellant did not agree to the termination
of his parental rights.  At appellant=s request, an attorney was appointed to
represent him in these proceedings.  The
trial court overruled appellant=s
motion for bench warrant and ordered that he could present his Atestimony by way of telephonic
questions and answers@
and Aby way of
affidavit, letters, or the like.@  Appellant=s
counsel was appointed in August of 2003, and the termination hearing was in
February of 2004.  Both petitioners were
represented by counsel who announced ready for trial; the child=s mother was present, and she announced
ready for trial; and appellant was represented by his court-appointed
counsel.  Only two persons testified at
the hearing, but the trial court admitted into evidence six exhibits which
contain eight letters which appellant mailed from the Institutional Division of
the Texas Department of Criminal Justice.

                                                              Petitioner=s Testimony

Richard
testified that his wife, Susan, is the sister of the child=s mother.  They have had J.V.M. in their home since the
little girl was 15 months old; at the time of the hearing, she was almost six
years old.  Richard agreed that appellant
was the father of J.V.M.








Richard
said that appellant was Aincarcerated
in the penitentiary,@
and judgments of conviction were introduced which show that appellant had been
confined for a term of five years which began on April 13, 1998, and for a
second term of ten years which began after the completion of the five-year
term.  The 1998 conviction was for
attempted sexual assault, and the second offense was for sexual assault.  Richard testified that termination of the
parental rights would be in the best interest of the child, and Richard asked
that he and Susan be appointed as managing conservators of the child.  Richard said that Susan was not able to
attend the hearing because she works for the State and was attending a school
in Gainesville.

                                                      Testimony
by Mother of J.V.M.

Jessica
Dora Molina is 22 years old.  She is the
mother of J.V.M., the child who is the subject of these termination
proceedings.  Jessica said that her
daughter was born on April 8, 1998, and she agreed  that appellant is the father of J.V.M.

Jessica
testified that it would be in the best interest of J.V.M. to terminate her  parental rights, to terminate the parental
rights of appellant, and to appoint Susan and Richard as managing conservators
of the child.  Susan is Jessica=s sister, and Richard is Jessica=s brother-in-law.  Jessica said that J.V.M. refers to them as Amother and father or mommy and daddy.@ 
Jessica also said that she sees J.V.M. from time to time and that the
child is Adoing
well.@ 

                                                              Appellant=s Evidence

After
petitioners rested, appellant=s
court-appointed lawyer introduced eight letters which appellant had mailed to
the lawyer while appellant was in the penitentiary.  Appellant=s
lawyer also said in open court that none of appellant=s
family or friends had ever contacted him even though he had told appellant Arepeatedly by letter@ that appellant should have any
potential witnesses contact the lawyer immediately.

The
first letter was not dated, but it was mailed on October 10, 2003.  Appellant said in this letter that he had
received the termination papers, that he had not heard anything from his
father, but  that he knew a couple who
would care for his child during his incarceration.  Appellant also said in this letter that,
while he was on parole (in January of 2000 while serving the five-year
sentence),  he attempted to see his daughter,
that Jessica would not tell him where J.V.M. was living, and that all of his
attempts to visit his child were hindered by Jessica and other family members.

The
second letter was dated December 3, 2003. 
Appellant told his lawyer in this letter that he thought  it was Aimmoral@ and Acruel
and unusual punishment@
for him to be refused the right to be present for the termination hearing.








The
third letter was dated December 12, 2003. 
Appellant said that he was willing for his daughter to Astay in temporary custody@ with Susan and Richard with the
condition that his father and his grandmother have visitation rights, that he
be allowed an Aopen line
of direct com-munication@
with Susan and Richard, and that his child=s
last name be changed to Cerda.  Appellant also offered to begin the payment
of child support (without making a showing of any ability to make those
payments) and asked for copies of all of the court records and transcripts to
which he was entitled as an Aindigent.@

The
fourth exhibit contained two letters which were dated January 5, 2004.  Appellant said in one of them that he had
sent the lawyer=s request
for information to members of appellant=s
family and that it was his hope and prayer Athat
they will contact you immediately.@  Appellant said in the other letter dated
January 5, 2004, that Susan and Richard have Abeen
in custody of my daughter@
since she was an infant and that neither of them have ever met him.

The
fifth exhibit was a letter dated January 15, 2004, in which appellant asked his
lawyer to request the court to permit the taking of his deposition.

The
sixth exhibit contained two letters dated January 26, 2004.  One letter was addressed to appellant=s court-appointed counsel, and it
contained the names and addresses of family and friends who Amight@  be witnesses for him.  The other letter was addressed to the judge,
and it contains these statements which appellant made to the trial court:

There
is no doubt in my mind that [Susan and Richard] are very loving & caring
people & that they have taken wonderful care of [J.V.M.] since she was an
infant. [They] took my daughter into their home & have raised her as their
own & I am very grateful to them for that since I was in no position no
matter how much I wanted to care for [her] myself....I=m
not trying to have my daughter removed from where she is at, I just don=t want to lose her.  I have suffered for the last few years of my
life knowing that I had a daughter that I didn=t know & who didn=t even know I existed.  I am begging the court not to take my child
from me.  All I want is to get visits
with her....I truely (sic) do feel that a child
should at least be giving (sic) the chance to know both her mother=s & father=s
side of the family.

 

                                                         Issues
for Appellate Review

Appellant
presents two issues for appellate review, arguing that the evidence was both Alegally insufficient@ and Afactually
insufficient@ to
support the trial court=s
order which terminated his parent-child relationship with J.V.M.

                                                              Standards
of Review

While
the Texas Supreme Court has Agreat
respect for the biological bond between parent and child@
and has held that the Anatural
right which exists between parents and their children is one of constitutional
dimensions,@ it has
also held that Athe
rights of natural parents are not absolute@
and that Aprotection
of the child is paramount.@  See, e.g., In the Interest of J.W.T.,
872 S.W.2d 189, 194-95 (Tex.1994).

The
Texas Supreme Court has made it clear that the Aappellate
standard@ for
reviewing the factual sufficiency of the evidence in proceedings to terminate
the parental rights of a parent to a child is:

[W]hether the evidence is such that a fact-finder could
reasonably form a firm belief or conviction about the truth [of the
allegations in the petition for termination]. 
(Emphasis added)

 

In
re C.H., 89 S.W.3d 17, 25 (Tex.2002); see also In re A.V., 113
S.W.3d 355, 361 (Tex.2003), and In re J.F.C., 96 S.W.3d 256, 264
(Tex.2002).

TEX.
FAM. CODE ANN. ' 161.001
(Vernon 2002) provides in relevant part that a trial court may order the
termination of the parent-child relationship if the trial court finds by Aclear and convincing evidence@ that the parent has committed a
predicate act or omission harmful to the child and that termination is in the
best interest of the child.  Section
161.001; In re B.L.D., 113 S.W.3d 340, 353-54 (Tex.2003).  Any complaint that the evidence is legally or
factually insufficient to support the findings necessary for termination is
analyzed by a heightened standard of appellate review.  In re B.L.D., supra.








In
a legal sufficiency review, we look at all the evidence in the light most
favorable to the finding to determine whether a reasonable trier
of fact could have formed a firm belief or conviction that its finding was
true.  In re J.F.C., supra at 266.  A reviewing court must assume that the fact
finder resolved disputed facts in favor of its finding.  In re J.F.C., supra.  In a factual sufficiency review, we must give
due consideration to evidence that the fact finder could reasonably have found
to be clear and convincing.  In re
C.H., supra.  In reviewing the
factual sufficiency of the evidence, we determine whether the evidence is such
that a fact finder could reasonably form a firm belief or conviction about the
truth of the State=s
allegations.  In re C.H., supra.  We consider whether disputed evidence is such
that a reasonable fact finder could not have resolved that disputed evidence in
favor of its finding.  In re J.F.C.,
supra at 266.

One
of the predicate acts shown in Section 161.001 is that a parent has knowingly
engaged in criminal conduct which has resulted in the parent=s conviction of an offense which causes
the parent=s
confinement or imprisonment and inability to care for the child for not less
than two years from the date of filing of the petition for termination.  Section 161.001(2).  Further, the trial court must find by clear
and convincing evidence that Atermination
is in the best interest of the child.@  Section 161.001(2).

                                                              Trial
Court=s
Findings

The
trial court=s order
shows that the court Afound
by clear and convincing evidence@
that appellant knowingly engaged in criminal conduct which resulted in his
conviction of an offense and confinement or imprisonment and inability to care
for the child for not less than two years from the date after the petition for
termination was filed.  The trial court=s order shows that the court found Aby clear and convincing evidence@ that termination of the parent-child
relationship between appellant and J.V.M. was in the best interest of the
child.

                                                                  Appellate
Ruling

The
evidence which was before the trial court has been Astrictly
scrutinized@ by this
court, and we find that it was both legally and factually sufficient for the
trial court to form a firm belief or conviction that appellant had knowingly
engaged in criminal conduct which resulted in his conviction, confinement, and
inability to care for his child and also to form a firm belief or conviction
that termination of his parent-child relationship with the child was in the
best interest of the child.  In re
A.V., supra; In re J.F.C., supra; and In re C.H., supra.  The issues are overruled.

The
order of the trial court is affirmed.

 

BOB
DICKENSON

February
17, 2005                                                                   SENIOR
JUSTICE

Not
designated for publication.  See
TEX.R.APP.P. 47.2(a).

Panel
consists of:  Wright, J., and 

McCall,
J., and Dickenson, S.J.[1]











[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.